granted, for those cases apply to motions to dismiss appeals granted *by this court*, and cannot apply where the motion to dismiss the appeal has been granted *by the clerk*, who has no jurisdiction to grant relief under section 349 of the Code. In this case the motion for relief under that section was made to this court at the earliest time practicable.

An alternative motion has been submitted by respondents, that in the event the motion just considered should be granted, then that the appeal be dismissed, or rather declared abandoned, for failure to comply with Rule 49 of the Circuit Court, requiring a copy of the "Case" to be filed in the office of the clerk of the Circuit Court within ten days after the same has been settled. This motion, as it seems to us, must be refused, upon the same ground that the motion first considered is granted. For, as we have said above, we think that the showing made is sufficient to entitle the appellants to relief from this default as well as the other, under the provisions of section 349 of the Code.

It is, therefore, ordered, that the motion to reinstate the appeal be granted, and that the case be docketed for hearing at the next term of this court; provided, the appellants will file the return required by Rules 1 and 2 of this court within forty days from the date of this order.

An informal application has been made by appellants' counsel for leave to withdraw the points and authorities heretofore filed by them. We do not see that any sufficient reason has been shown for granting such application, and it must, therefore, be refused. Of course, this will not preclude any of the counsel engaged in the cause from filing any additional argument or points and authorities, if they so desire, within the time prescribed by the rules of this court.

No. 3175. UNION MORTGAGE &c. COMPANY *v.* BROWN, April Term, 1893. On the call of this cause for a hearing, it was brought to the attention of the court that appellant's Points and Authorities had not been on file with the clerk of this court for the three preceding days, as required by Rule 8; and on this ground a motion was made, under Rule 11, to dismiss the appeal. Motion granted PER CURIAM, May 3, 1893. *J. J. Brown*

and *L. T. Izlar*, for appellant. *John T. Sloan, jr.*, and *A. J. Green*, for respondents.

No. 3176. State *v.* Salters, April Term, 1893. On the call of this cause for a hearing, no one appeared for the defendant, appellant. Whereupon, on motion of Mr. Solicitor Wilson, for the State, the appeal was declared abandoned for want of prosecution. Order per curiam, May 4, 1893.

No. 3177. State *v.* Keels, April Term, 1893. On May 4, 1893, Mr. Solicitor Wilson made affidavit that notice of appeal was served upon him on October 8, 1892, that the Case for Appeal was agreed upon on January 10, 1893, and that no return had yet been filed, attaching to his affidavit a certificate from the clerk of this court that no return had been filed. An order was thereupon obtained from the Chief Justice, dismissing the appeal for want of prosecution. And thereafter the *remittitur* was sent down.

No. 3205. Same *v.* Same, April Term, 1893. This was a motion by defendant to recall the *remittitur* and reinstate the appeal. On behalf of appellant, it was shown that counsel for appellant left the further preparation of the appeal record to the defendant himself (who was an attorney at law), and that the delay had resulted from defendant's sickness. But affidavits contra fully fixed the date of this sickness as subsequent to defendant's return from Florida after the middle of April. *J. D. Kennedy*, for the motion. *Wilson*, solicitor, contra.

June 30, 1893. The following order was passed

Per Curiam. This is a motion to recall the *remittitur* heretofore sent down from this court to the Circuit Court, whereby the judgment of this court, dismissing the appeal in this case, was remitted to the Circuit Court. The ground upon which this motion is based is excusable delay in perfecting this appeal. In order to justify this court in exercising the unusual power of recalling the *remittitur* after it has been sent down, a very strong showing would be required that the *remittitur* was sent down through some mistake or inadvertence on the part of this